# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MELBA SUE JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-09-464-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Melba Sue Jordan requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 17, 1949, and was fifty-five years old at the time of the most recent administrative hearing. She has a high school education and previously worked as a clerk/cashier and receptionist. The claimant alleges she has been unable to work since April 8, 2002, because of degenerative disc disease, arthritis, high blood pressure, diabetes, and knee problems. The claimant was last insured on December 31, 2004.

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on December 10, 1997. ALJ Michael A. Kirkpatrick conducted an administrative hearing and found that the claimant was not disabled. The claimant appealed to this Court, which reversed the Commissioner's decision in Case No. CIV-06-117-SPS and remanded the case to the ALJ for further proceedings. The ALJ conducted another administrative hearing and once again found that the claimant was not disabled on June 27, 2008. The Appeals Council denied review, so the June 27, 2008 opinion by the ALJ is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c), except that she had additional limitations which require that she stoop and climb ramps/stairs only occasionally and never climb ladders, ropes, or scaffolds (Tr. 404). The ALJ concluded that the claimant could return to her past relevant work of cashier/checker and receptionist (Tr. 412).

## Review

The claimant contends that the ALJ erred by failing to follow the instructions of the Court for analyzing the medical opinions of the claimant's treating physician Dr. Tina Cooper and other physicians who examined or evaluated her after remand in Case No. CIV-06-117-SPS. The ALJ did fail to follow the Court's instructions, and the decision of the Commissioner must therefore be reversed.

The claimant contended in her previous appeal to this Court (Case No. CIV-06-117-SPS) that the ALJ improperly analyzed the medical evidence, including the opinion of her treating physician, Dr. Tina Cooper. The Court agreed, observing that the ALJ had erred, *inter alia*, by picking and choosing among the evidence indicating a diagnosis and treatment that point to problems associated with carpal tunnel syndrome to discount Dr. Cooper's findings regarding claimant's handling and fingering limitations. *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir.

1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]. The Court also found that the ALJ had erred by rejecting Dr. Cooper's assessment because it was inconsistent with findings made by state agency examining and non-examining physicians without providing a legally sufficient explanation for his determination. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."), *citing* 20 C.F.R. §§ 404.1527(d)(1), (2), 416.927(1), (2) and Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *2. The Court concluded that the ALJ's errors in evaluating the medical evidence constituted reversible error and the case was remanded with instructions to evaluate the medical opinions of record in accordance with proper standards. *See* Case No. CIV-06-117-SPS, Docket No. 18.

The Court's instructions to the ALJ thus required him to analyze the opinion of Dr. Cooper to determine whether it was entitled to controlling weight, and if not, to evaluate the opinion in accordance with the factors set out by the Tenth Circuit in *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). The ALJ was undoubtedly obliged to follow these instructions on remand, *see Grigsby v. Barnhart,* 294 F.3d 1215, 1218 (10th Cir. 2002) ("Although primarily applicable between courts of

different levels, the [law-of-the-case] doctrine and the mandate rule apply to judicial review of administrative decisions, and 'require[ ] the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart.'"), *quoting Wilder v. Apfel,* 153 F.3d 799, 803 (7th Cir. 1998), *see also Brachtel v. Apfel,* 132 F.3d 417, 420 (8th Cir. 1997) ("[I]f the District Court actually found that Brachtel needed to lie down, the ALJ would be bound by that finding."), but inexplicably failed to do so.

First, the ALJ essentially disregarded the Court's points regarding Dr. Cooper's diagnosis of carpal tunnel syndrome. Instead of considering whether Dr. Cooper's assessment regarding claimant's abilities regarding handling and fingering, the ALJ spent his time discrediting Dr. Cooper's diagnosis of carpal tunnel syndrome, which essentially amounts to a rejection of Dr. Cooper's assessment based on his own medical opinion that claimant should never have been diagnosed with carpal tunnel syndrome in the first place. This is wholly improper. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) ("In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*.") [quotation omitted] [emphasis in original]. At the very least, the ALJ should have re-contacted Dr. Cooper to further explore the reasons for and foundations of her opinion. 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that

must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.").

In addition, the ALJ noted that he agreed with the state agency physicians who had reviewed claimant's medical records and "completely agree[d]" with their findings (Tr. 410). However, he once again failed to discuss the findings of these state agency reviewing physicians *or* explain how their opinions outweighed the opinion of claimant's treating physician Dr. Cooper, as directed by the Court in CIV-06-117-SPS. *See* Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at \*4. These opinions are to be treated as medical opinions from non-examining sources. *Id*. at \*2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id*. *See also Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii). This is particularly important here, where the ALJ failed to adopt *some* of the reviewing physician's limitations, *i. e.*, that claimant could *never* kneel, crouch, or crawl,[2] but failed to provide an explanation. *See Haga v.*

---

[2] The reviewing physician's notations are somewhat confusing, but it appears that these are the limitations noted by said physician (in addition to the limitations of never climbing ladder/rope/scaffolds, only occasional climbing of ramp/stairs, and occasional stooping, which limitations were accounted for in the ALJ's RFC determination).

*Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. . . . [T]he ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others. We therefore remand so that the ALJ can explain the evidentiary support for his RFC determination.").

Further, the ALJ's discussion of the state agency consultative physician opinion by Dr. Steven Rowland was also lacking and failed to conform to appropriate legal standards. The ALJ wholly discredited the medical source statement completed by state examining physician Dr. Steven Rowland by stating that it was "based entirely upon the claimant's subjective complaints and allegations (basically just parroting back what the claimant told him she could do), which he apparently accepted at face value, without question." He went on to state that Dr. Rowland noted that his findings "were based upon the claimant's allegations of pain, 'but clinically not much to support.'" (Tr. 410). There is nothing about Dr. Rowland's report that indicates that he "accepted at face value, without question" claimant's *statements* of limitations; rather, the citation he points to that there was not much clinical support was specifically related to the limitations regarding claimant's hands, feet, postural limitations, and environmental limitations and *not* the claimant's ability to lift/carry weight, sit, stand, or walk (Tr. 478-81). If the ALJ wished to discredit Dr. Rowland's findings on this basis, he was, again,

required to recontact Dr. Rowland to resolve any questions or doubts he harbored regarding the opinion. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) ("[T]he ALJ's unfounded doubt that Dr. Luc agreed with the assessment he signed, in the face of unrefuted evidence to the contrary, was error. At the least, if the ALJ believed that the matter was open to question, he had an obligation under the applicable regulations to obtain additional information from Dr. Luc before rejecting the report outright.").

Because the ALJ failed to follow the Court's instructions in Case No. CIV-06-117-SPS for the proper analysis of the claimant's medical evidence, *i. e.*, the opinion of the claimant's treating physician Dr. Cooper and the opinions of the state agency physicians, the decision of the Commissioner must again be reversed and the case again remanded to the ALJ for further proceedings. Such proceedings must be conducted in accordance with the Court's decision herein and in Case No. CIV-06-117-SPS.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma